I have placed the court. My name is Attorney Gary Payton. I represent Mr. Crespo. Your Honor, in 2009, August 2009, Mr. Crespo became the payee for his mother's Social Security benefits. She had previously been receiving Social Security benefits with another payee, his sister, Raquel. On or about August 27, 2012, his sister Raquel reported to the Social Security Administration that her mother was living in Puerto Rico and therefore not eligible to receive the Social Security benefits. Is that just specific to Puerto Rico? The statute says that any individual is not eligible for Social Security SSI for any month during which she resides outside the United States as defined as one of the 50 states, the District of Columbia, and the Northern Mariana Islands. It's a very obscure law that nobody is aware of, although Puerto Rico also has Social Security offices in Puerto Rico. The statute says if the Social Security Administration determines that a beneficiary is not able to manage a benefit, she is legally incompetent or mentally or physically incapable and will pay those benefits to the representative payee. On or about June 3, 2003, after conducting an investigation, the Attorney General's Office contacted Mr. Crespo saying that they were going to impose a $195,000 CMB, civil money assessment with a $95,000 fine penalty as well as a $100,000 assessment. Mr. Payton, we don't have a whole lot of time. We heard an argument from you last summer in this case. After that, we directed you all to file new briefs since we finally got to the right court, and we asked you to address whether your client's administrative appeal was timely. Your brief did not address that issue. I believe my brief did. We stated that we responded to the administrative hearing. We asked for an administrative hearing within 24 days after we received notice of the court's ruling. I believe we had 30 days to respond. We responded in 24 days. Now, the administrative hearings bureau decided that that was not timely because they automatically assumed five days for service, and that's not what happened in this situation. We received a notice 24 days before we responded, which was within a 30-day period. They assumed a five-day period for service, which didn't happen. And as the court is aware, sometimes the post office doesn't get things to people in a timely manner, and that's why they said it was not within 30 days. Your Honor, also in the hearing, the administrative law judge ruled that Mr. Crespo gave false information regarding his mother's residency. Now, in the time that she was living with him, she took numerous trips from Chicago to Puerto Rico. And during that period of time, she would often come back to Chicago, and then she'd go back to Puerto Rico. Now, when they questioned Mr. Crespo, he told them that he was not aware of his requirement that if they're out of the state or out of the country for more than 30 days, that he had a requirement to notify the Social Security Administration. In the statute, the sanctions say under 1129 states that under the act, a person is subject to penalty. Any person who knowingly misrepresents a material fact for the SSA's use and determines the right to SSI benefits, the right to SSI benefits or the amount of those benefits, makes such statements without knowingly disregard for the truth or knowingly omits or otherwise withholds the fact he knows or should have known was material to SSA's determination, eligibility for benefits for benefit amounts. The fact is material if it may be considered in evaluating whether an individual is eligible for SSI benefits or payments. And I think that's the key, whether he knew or should have known that it was material. Did Crespo ever appeal to the Appeals Board and Department of Human Services? Yes, Your Honor. But it was untimely. Wasn't that the end of the case? He did appeal, even if he didn't appeal, which he did appeal. But it was untimely. It was rejected. It was untimely. And we don't agree with that rejection, Your Honor. We believe that it was timely because it was within 24 days, within 30 days. Is that what you said in your brief? That's what we said should be in the brief, Your Honor. Well, there's no separate argument on the point. You say at page four of your brief that the ALJ ruled on March 6th, that on March 18th you received notice, and that on April 16th you appealed to the Appeals Council or the DAP, right, the Department of Appeals Board. That's correct. Okay. Your Honor, even if he didn't appeal, if he did appeal, and he still exhausted all his remedies in administrative court, and therefore is eligible to appeal to the U.S. Court of Appeals, that's our position. Because of what we consider to be a faulty ruling by the administrative law judge. In the hearing, the IG had the burden to prove that he knew of the statements that he made were material facts that affected the SSA's determination of benefits. Is it correct that during the relevant time, Mr. Payden, Mr. Crespo's mother was actually living in Puerto Rico and collecting her mother's retirement benefits? I believe she collected, sometime before he was a payee, she was collecting SSI benefits for her mother. And then sometime later. In Puerto Rico. Her mother lives in Puerto Rico. Right. I don't know where she was collecting the benefits. I have no idea. But I know she was collecting. If it's for the benefit of her mother living in Puerto Rico, presumably it's going to be paid to somebody in Puerto Rico who can take care of that person. That's what I assume, Your Honor. Yeah, me too. Okay, thanks. And she did do that before, and at that time, the payee was the sister, Raquel, the same one who contacted the SSI regarding Mr. Crespo. But I think the key element in this matter is, Your Honor, that the IG did not prove their case against Mr. Crespo was that they did not prove that he had knowledge of the law that says that if she leaves the United States going back and forth to Puerto Rico, that if she's gone for more than 30 days, that she is no longer eligible for benefits. They did not present conclusive evidence that he had that knowledge. He stated that he did not know that. He was not aware of that, and he did not know that she had manifested an intent to actually move back to Puerto Rico. In the hearing, there was some information presented to the hearing officer that she decided to move to Puerto Rico in 2012. In September of 2012 is when she decided that she was moving back to Puerto Rico, and my client had no knowledge of that. All he knew is that she constantly was going back and forth from Chicago to Puerto Rico, and he did not know based on the information that he was given. The hearing officer based her determination on what the Social Security Administration would likely do. As she stated in her determination, the application is no longer signed, but the SSA practices call for face-to-face interviews. The employee asks a series of questions, including where the beneficiary lives. The field office employee explains the representative payee's duties, reporting responsibilities, and liabilities for failing to report or otherwise not complying with SSA rules. The employee also gives the applicant a written copy of these instructions. Had he not provided appropriate answers, he could not have been named his mother's representative payee. That is all assumptions by the hearing judge. There was a document presented in the hearing. The document was not signed by Mr. Crespo. And I think that's really important because it shows that he did not have that information. And we cannot presume that the Social Security Administration employees necessarily informed him of that. There's no record of it. Okay. Thank you, Mr. Payton. Thank you. Mr. Cone? Thank you, Your Honor. May it please the Court, Counsel. I think the first thing that needs to be made clear here is that Mr. Crespo's mother was receiving disability benefits, not retirement benefits. You can receive retirement benefits no matter where you live, anywhere within the world. But to receive disability benefits, you need to live in one of the 50 states, District of Columbia, or the Northern Mariana Islands. At the time that Mr. Crespo was receiving disability benefits for his mother, his mother was also receiving retirement benefits for her mother, and she was receiving them in Puerto Rico and she was depositing them in a bank in Puerto Rico. So there really is no doubt that during this time period she was living in Puerto Rico. It's also emphasized by the fact that once they initiated an investigation and they called Mr. Crespo and his mother in for a meeting, which was two or three days later after the notice, Mrs. Crespo's mother flew into the country from Puerto Rico the day before that meeting. But yet at the meeting, Mr. Crespo said she had been living in the United States from February through August and had not left, which just was not true. But do we have jurisdiction in light of the fact that there was no appeal to the appeal board within the Department of... This court has jurisdiction to determine whether or not the ruling of the Department of Appeals Board was correct. According to the regulations, this is not just, as Mr. Payton said, there's not a presumption, a five-day mailing presumption. The regulations state the service of the administrative law judge's decision is five days from the date of mailing, and after that there are 30 days in which to file the appeal. It also provides that for good cause shown, an extra 30 days can be had upon a request for an extension.  The Department of Appeals Board specifically relied upon that in making their ruling, despite the fact that it may have taken more than the five days for the mailing to get to Mr. Crespo and his attorney. So my question is whether the untimely appeal eliminates federal jurisdiction, I mean federal judicial jurisdiction. We believe that it does, that the case is not properly here, but the court, of course, has jurisdiction to determine whether there is jurisdiction. But we have a final decision by the agency, right? Yes, we do. Okay. And if the appeals board had arbitrarily enforced this requirement, we couldn't consider that? In terms of the deadline for the internal appeal? No, I believe that this court does have jurisdiction to review what the Department of Appeals Board did, which was fine that it was not timely. But the evidence that was presented to the Department of Appeals Board clearly showed that it was not timely, it was filed late, and because it was not filed late, there should not be any. As Judge Posner said, it's final and binding, which is what the regulations specifically say. The decision of the ALJ is final and binding if it's not appealed to the Department of Appeals Board on a timely basis. So other than reviewing the ruling of the appeals board, there's really nothing. You don't think we can reach the merits? Not without a timely appeal, no. Has there been any criminal referral in this case? No, this is strictly a civil monetary penalty case. Thank you. No further questions? Thank you very much. Thank you. So we'll take the case under advisement.